**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ZACHARY A. WITTE**
Locke & Witte
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J. T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| OLYMPIA SHELLMAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  02A04-1201-CR-34 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No.  02D06-1107-FD-921

**September 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

STATEMENT OF THE CASE

Olympia Shellman appeals the trial court's denial of her motion to withdraw her guilty plea.

We affirm.

ISSUE

Whether the trial court abused its discretion in denying Shellman's motion to withdraw her guilty plea.

FACTS

On June 30, 2011, Shellman was arrested for taking merchandise from a Meijer store without paying for it. On July 7, 2011, she was charged with theft, a class D felony. Shellman initially entered a not guilty plea, but on the day set for trial, November 17, 2011, Shellman by counsel offered to change her plea to guilty. The change in plea was precipitated by defense counsel's review of a tape from Meijer's security camera and by counsel's subsequent discussion with Shellman about the evidentiary weight of the tape.

The trial court asked Shellman whether she wished to change her plea, and she responded, "Yeah, that's correct." (Guilty Plea Tr. 3). Shellman then complained about treatment by Meijer employees and described a conversation with a friend who was with her at the time the theft occurred. In this conversation, Shellman told the friend that "I'm not stealing nothing so I don't care [about Meijer's security], you know, so basically what you causing a scene for? And I'm not doing nothing." (Guilty Plea Tr. 5). The trial court informed Shellman that she had the right to a jury trial and that she had the right to

2

counsel and the right to "stay silent." (Guilty Plea Tr. 7). The trial court also informed Shellman that "[y]ou make your decision on whether or not you're guilty or not guilty of this crime" and that "[n]obody should talk you into [entering a guilty plea]. Nobody should force you into this." (Guilty Plea Tr. 8-9). Further, the trial court advised Shellman that she could select a jury from a waiting jury panel, tell her story to the jury, and let the jury decide her fate.

The trial court then asked Shellman whether she was guilty of the acts described in the charging information. When Shellman did not immediately answer, the trial court stated that the jury pool should be called in. Shellman then expressed her desire to plead guilty and the trial court swore her in. Shellman told the court that she was medicated but that none of her medications affected her understanding of the proceedings or her ability to answer the questions asked by the trial court. The trial court informed Shellman of her rights and received affirmative answers to questions about whether Shellman understood those rights.

Shellman assured the trial court that she was satisfied with defense counsel's representation. Defense counsel then established a factual basis, obtaining Shellman's affirmation that she took property from the Meijer store. The trial court then took the plea under advisement and scheduled a sentencing date.

On January 6, 2012, the trial court held a sentencing hearing. At the hearing, Shellman stated that she wanted to withdraw her guilty plea "on account of the fact that I

3

was not caught on tape stealing nothing." (Sentencing Tr. 6). The trial court asked Shellman if she had watched the tape, and she answered "No, I did not." *Id.* The trial court then denied Shellman's motion to withdraw her guilty plea and sentenced Shellman to a one-year sentence that was suspended to probation.

### DECISION

Shellman contends that the trial court abused its discretion in denying her motion to withdraw her guilty plea. Shellman argues that the trial court should have granted her motion because she proclaimed her innocence at both the guilty plea and sentencing hearings. Shellman also argues that she was "not in the right state of mind" when she pled guilty.

Indiana Code section 35-35-1-4(b) governs motions to withdraw guilty pleas. In general, "after a defendant pleads guilty but before a sentence is imposed, a defendant may move to withdraw a plea of guilty." *Jeffries v. State*, 966 N.E.2d 773, 777 (Ind. Ct. App. 2012), (citing Ind. Code § 35-35-1-4(b)), *trans. denied.* The trial court must permit a defendant to withdraw a plea "if it is necessary to correct a manifest injustice." *Id.* On the other hand, "the motion to withdraw the plea should be denied if the plea's withdrawal would substantially prejudice the State." *Id.* In all other cases, the court may grant the defendant's motion to withdraw a guilty plea "for any fair and just reason." *Id.*

A trial court's ruling on a motion to withdraw a guilty plea arrives in this court with a presumption in favor of the ruling. *Id.* We will reverse only for an abuse of

4

discretion.  *Id.*  In determining whether a trial court abused its discretion in denying a motion to withdraw a guilty plea, "we examine the statements made by the defendant at the guilty plea hearing to decide whether the plea was offered 'freely and knowingly.'" *Id.* (quoting *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001)).

Here, Shellman initially indicated at the plea hearing that she had a conversation with a friend where she said, "I'm not stealing nothing . . . ."  (Guilty Plea Tr. 5).  After being advised that she had the right to a jury trial and to certain other rights, however, Shellman insisted that she committed theft.  Shellman's conversation with her friend was not a claim of innocence; it was part of a rambling account about alleged mistreatment by Meijer loss control employees.  Her admission of guilt, on the other hand, was unequivocal and followed the trial court's recitation of the full panoply of rights she would forfeit if she pled guilty.

With reference to Shellman's sentencing-hearing statement about the security tape, we observe that she claims that she had not been "'caught' on tape stealing nothing." (Sentencing Tr. 6).  We interpret her statement as a lament about pleading guilty when the evidence against her was allegedly weaker than she previously understood, not a claim of innocence.  Our interpretation is bolstered by Shellman's admission that she had not viewed the tape.  Accordingly, we conclude that the trial court did not abuse its discretion in denying Shellman's claim that she was claiming innocence while pleading guilty.

5

Shellman informed the trial court at the guilty plea hearing that she was on prescribed medication. Upon specific questioning from the trial court, Shellman stated that the medication did not affect her understanding of the guilty plea proceedings or of the questions asked and the advisements given by the trial court. Under these circumstances, we cannot say that the trial court abused its discretion in determining that Shellman's use of prescribed medicine warranted the withdrawal of her guilty plea.

Affirmed.

FRIEDLANDER, J., and BROWN, J., concur.